IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT BENNETT CULVER, JR.                                                                    PLAINTIFF

v.                         Civil No. 3:25-cv-03016-MEF

DEPUTY JOSIAH SMITH, Harrison
Police Department; and OFFICER CJ
HILL, Harrison Police Department                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and Plaintiff's claims require dismissal, the Court enters its findings as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

### I. DISCUSSION

Plaintiff filed this action pursuant to 42 U.S.C. §1983 and proceeds *pro se* and *in forma pauperis* ("IFP"). Plaintiff was incarcerated in the Boone County Detention Center ("BCDC") at the time he filed his Complaint. (ECF No. 1 at 1). Plaintiff's initial IFP application was incomplete, and he was ordered to supply a new one by March 21, 2025, along with an Amended Complaint.

Plaintiff timely filed the complete IFP application on March 18, 2025, (ECF No. 6) and his Motion to Proceed IFP was granted that day. (ECF No. 7). Plaintiff also filed his Amended Complaint on time (ECF No. 5); however, Plaintiff failed to sign his Amended Complaint. For this reason, an Order was entered directing it to be returned to Plaintiff for signature. (ECF No.

9).   The Amended Complaint (signed and dated) was due back to the Court by April 1, 2025.

Plaintiff failed to submit his signed and dated Amended Complaint. To ensure procedural fairness and to give Plaintiff one more opportunity to comply with the Court's Orders, a Show Cause Order was entered.   (ECF No. 11).   Plaintiff was given until April 24, 2025, to show cause why he failed to comply with the Court's Order.   *Id.*

On April 15, 2025, Plaintiff filed his Second Amended Complaint. (ECF No. 12). Plaintiff indicated he was still incarcerated in the BCDC.   Before the Court could complete its prescreening of the Second Amended Complaint, however, mail was returned on May 12, 2025, as undeliverable marked "return to sender inmate not here."   (ECF No. 13).   Plaintiff was allowed thirty (30) days or until June 11, 2025, to provide the Court with his new address.

When he filed this case, Plaintiff was specifically advised that he was required to immediately inform the Court of any change of address. (ECF No. 3). If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or no later than thirty (30) days following his release.   Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.   Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).   Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with

*any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

When Plaintiff last communicated with the Court in April, he was incarcerated at BCDC. The Court has confirmed by review of the BCDC detainee roster than Plaintiff is not currently incarcerated in that facility.[1] Thirty (30) days have passed without an updated address for Plaintiff, and he has not contacted the Court. Plaintiff has failed to prosecute this action and his action should be dismissed without prejudice to the refiling.

## II.  CONCLUSION

For this reason, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

Status of Referral:  The referral terminates upon the filing of this Report and Recommendation.

**RECOMMENDED** this 17th day of June 2025.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

---

[1] https://www.baxtercountysheriff.com/roster.php?term=Culver&search=Y (last visited June 17, 2025).